IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUEBEN RICHARDSON, JR.,

       Plaintiff,

v.                                    Case No. 1:26-cv-01913-DHU-LF

CANAMEX-CARBRA
TRANSPORTATION SERVICES, LLC,

       Defendant.

**ORDER QUASHING ORDER TO SHOW CAUSE AND
DENYING DEFENDANT'S FIRST MOTION TO DISMISS AS MOOT**

THIS MATTER is before the Court on its July 22, 2026, order to show cause. Doc. 24. The Court ordered pro se plaintiff Rueben Richardson, Jr., to file a written notice on the docket as to whether defendant Canamex-Cabra Transportation Services, LLC, consented in writing to the filing of his July 13, 2026, amended complaint. *Id.* at 2. Shortly after the Court issued the order, Defendant filed an answer to, and a motion to dismiss, Mr. Richardson's amended complaint. *See* Docs. 26, 27. On July 24, 2026, Mr. Richardson filed a response to the order to show cause, explaining that Defendant did not consent in writing to the filing of his amended complaint but that he did not intend to disregard the rules of procedure. Doc. 28 at 1–2. Mr. Richardson also noted that Defendant has engaged with his amended pleading through its two responsive filings. *Id.*

Plaintiff acknowledges that he was required under Rule 15(a)(2) to obtain either Defendant's written consent or the Court's leave to file his amended complaint. *Id.* at 1. While Defendant did not consent to the amended pleading before Plaintiff filed it, Defendant did respond to the amended complaint on the merits rather than raising this procedural deficiency.

*See* Docs. 26, 27.  Rule 15 also requires the Court to freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), and justice may require leave to amend *nunc pro tunc* where briefing already has been filed on an amended pleading.  *See Brachel Mktg., LLC v. JJ Nuts, LLC*, No. 21-CV-157-GKF-JFJ, 2022 WL 16842889, at *1 (N.D. Okla. July 14, 2022).  The Court therefore grants Mr. Richardson leave to amend his complaint *nunc pro tunc* and designates his First Amended Complaint (Doc. 22) as his operative pleading.  The Court quashes its order to show cause but warns Mr. Richardson it will strike any further amended pleadings that do not comply with the requirements of Rule 15(a)(2).

As the Court has granted Mr. Richardson leave to file an amended complaint, Defendant's motion to dismiss Mr. Richardson's original complaint is now moot.  "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."  *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.3d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).  "Such a rule establishes to which complaint opposing parties should direct any subsequent motion."  *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).  Because Mr. Richardson's original complaint has been superseded by his amended complaint, Defendant's first motion to dismiss the original complaint is moot.  Indeed, Defendant has filed a second motion to dismiss that is targeted at Mr. Richardson's amended complaint.  *See* Doc. 27.

IT IS THEREFORE ORDERED THAT

(1) the Court's July 22, 2026, order to show cause (Doc. 24) is QUASHED;

(2) Mr. Richardson is GRANTED leave to amend his complaint *nunc pro tunc*;

(3) Mr. Richardson's First Amended Complaint (Doc. 22), filed July 13, 2026, is now the operative complaint in this matter; and

(4) Defendant's Motion to Dismiss (Doc. 5), filed June 12, 2026, is DENIED as moot.[1]

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)."  D.N.M.LR-Civ. 73.1(a).  "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy."  FED. R. CIV. P. 72(a).  The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  If objections are timely filed, the district judge must consider the objections but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law."  FED. R. CIV. P. 72(a).  If objections are not timely filed, the firm waiver rule applies.  *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("[T]he firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a).").  "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both factual and legal questions."  *Id*. at 781 n.23 (citation modified); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

Laura Fashing
United States Magistrate Judge

---

[1] The Court considers these issues nondispositive and enters this order pursuant to FED. R. CIV. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).  The Tenth Circuit declined to decide in a published opinion whether a decision to grant leave to amend is dispositive, but its unpublished decisions have generally treated such motions as nondispositive and within the authority of a magistrate judge to decide.  *See Langworthy v. Alcon*, No. 1:24-cv-01291-MLG-KRS, 2025 WL 2409961, at *1 n.1 (D.N.M. Aug. 20, 2021) (collecting cases).

Similarly, the Court finds that it has authority to deny Defendant's first motion to dismiss as moot.  "[M]agistrate judges are authorized to issue routine housekeeping orders, and denying a motion to dismiss as moot upon granting leave to amend a complaint is one such quintessential housekeeping matter" that "is not a ruling on the merits of the motion."  *Murphy Creek Ests., LLC v. Murphy Creek Ests. Funding, LLC*, No. 1:22-cv-00304-DDD-NRN, 2022 WL 18674573, at *3 (D. Colo. Nov. 23, 2022) (internal quotations omitted); *see also Bastidas v. Chappell*, 791 F.3d 1155, 1165 n.8 (9th Cir. 2015) (concluding that a magistrate judge was authorized to deny as moot a motion for leave to file a motion to dismiss).

If there is any doubt about the nondispositive nature of these, this order may be construed as my proposed findings and recommended disposition pursuant to the district judge's order of referral (Doc. 23).  *See Langworthy*, 2025 WL 2409961, at *1 n.2.  In either case, the parties have fourteen (14) days from entry of this order to file objections with the district judge. *See* FED. R. CIV. P. 72(a), (b)(2); 28 U.S.C. § 636(b)(1).